IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GABINO HERNANDEZ MAGDALENA,
individually and as surviving spouse and
next of kin of HERMENEJILDA
HERNANDEZ FLORES; IGNACIO
HERNANDEZ and MARIA DEL JESUS
GARCIA HERNANDEZ, individually
and as parents and next friends of M.H.G.,
a minor and A.J.H.G., a minor; MICAELA
JUAREZ; and MARIA REMEDIOS RUIZ                     PLAINTIFFS

v.                      Case No. 4:10-cv-148-DPM

FORD MOTOR COMPANY, COOPER
TIRE AND RUBBER COMPANY, G &
S MANAGEMENT CORPORATION
d/b/a TILTON FORD, and TRW
VEHICLE SAFETY SYSTEMS, INC.                       DEFENDANTS

## ORDER

What is the most convenient forum for this products case?  Plaintiffs,

nine residents and citizens of Mexico, were injured in a single-vehicle accident

in Mexico.  The Mexican federal highway patrol investigated.  The vehicle

was licensed and registered in Mexico.  Eyewitnesses and other witnesses are

located in Mexico.   The Plaintiffs allege the Ford vehicle, the tire

manufactured by Cooper Tire, and the seatbelt restraint system were all

defective and contributed to causing the accident, their injuries, and one death. The vehicle, tires, and seatbelt restraint system were all designed, manufactured, and assembled in the United States. Defendants consent to jurisdiction in Mexico; and they move to dismiss on *forum non conveniens* grounds in favor of Mexico.

The doctrine permits a federal court to decline jurisdiction where the convenience of the parties, the court, and the interests of justice indicate that the case should be heard in another forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247–49 (1981). Balancing all the applicable private and public interests, 454 U.S. at 241 & n.6, the Court has no doubt that Mexico is a better, and more convenient, forum for all concerned in this case. The parties disagree, however, about whether a Mexican court is really available, which the doctrine also requires. 454 U.S. at 254 n.22.

Plaintiffs point out that Mexican courts do not have jurisdiction over United States corporations; and they say Mexican courts will not assume jurisdiction even if foreign defendants consent. Defendants contend their consent will get the case in the door. This is an important question. But whether a Mexican court will assume jurisdiction over this case should be

answered by a Mexican court.

Where defendants have submitted to the jurisdiction of a Mexican court, waived any limitation defense during the pendency of this action, agreed to provide all necessary witnesses and documents, and agreed to satisfy any judgment rendered, Mexico is an alternative forum. *Mizokami Brothers of Arizona, Inc. v. Mobay Chemical Corp.*, 660 F.2d 712, 719 (8th Cir. 1981); *see also In re Ford Motor Co.*, 591 F.3d 406, 412–13 (5th Cir. 2009).  Here, defendants have stipulated to each of these things. *Document No. 29, at 20; Document No. 30, at 1–2; Document No. 31, at 1–2.*

The motion to dismiss without prejudice is therefore granted, subject to the Mexican court consenting to exercise jurisdiction over this case.  When they file this action in Mexico, as they acknowledge plaintiffs must proceed in good faith.  Torpedoing the Mexican court proceedings is not a ticket back to this Court.  Likewise, if the Mexican court declines to exercise jurisdiction, then Plaintiffs are welcome to return here.  Defendants say they consent to Mexican jurisdiction for a reasonable time. *Document No. 29, at 20; Document No. 30, at 1–2; Document No. 31, at 1–2.*  The Court directs Plaintiffs to initiate this case in Mexico within one year of today's date, which the Court

concludes is a reasonable time and so defines that term.

\*   \*   \*

Cooper Tire's motion to dismiss, *Document No. 28*, in which all defendants have joined, *Document Nos. 30* (Ford) *& 31* (TRW), is granted. The case is dismissed without prejudice subject to the important conditions explained in this Order.  And the remaining motions, *Document Nos. 26 & 69*, are denied as moot.

So Ordered.

D.P. Marshall Jr.
United States District Judge

27 May 2011